IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DARRELL HUMPHREY,

          Petitioner

VS.

DEBORAH SERFOSS,

          Respondent

NO. 5:10-CV-223(MTT)

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Before the court is respondent Deborah Serfoss' motion seeking dismissal of the above-captioned petition. Tab #7. Therein, respondent Serfoss contends that, prior to filing the instant action, petitioner Darrell Humphrey failed to exhaust his available state judicial remedies as required by 28 U.S.C. §2254(b) and (c) and *Rose v. Lundy*, 455 U.S. 509 (1982). On August 8, 2010, the petitioner, who is represented by counsel, was ordered to file a response to the motion on or before August 20, 2010. Tab #8. To date, no such response has been filed. The respondent's motion seeking dismissal is ripe for review.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 24, 2008, in the Municipal Court of the City of Gray, Georgia, petitioner Humphrey was tried and convicted of the offenses of Driving Under the Influence and two (2) counts of Child Endangerment.[1] He was sentenced to thirty-six (36) months of probation. Thereafter, and upon the assertion that he was never informed of his right to a jury trial, he filed a petition for writ of certiorari in the Superior Court of Jones County, Georgia. Following a hearing, the petitioner's request for a writ of certiorari was denied. Thereafter, the petitioner sought review of this decision in the Georgia Court of Appeals. Upon a review of the petitioner's pleadings, however, this request for review was dismissed for lack of jurisdiction on account of the petitioner's failure to comply with necessary legal procedures. Thereafter, the petitioner filed the instant **federal** petition.

---

[1] The petitioner was found to have been driving a vehicle while under the influence with two children under the age of fourteen as passengers.

## LEGAL STANDARDS

It has been well settled for over a century that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (*citing Ex Parte Royall*, 117 U.S. 241 (1886)). This exhaustion requirement has been codified in 28 U.S.C. §§2254 (b) and (c) and reflects a policy of comity between state and federal court. It is "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (*quoting Fay v. Noia*, 372 U.S. 391, 438 (1963)). Moreover, the exhaustion requirement was designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

## DISCUSSION AND CONCLUSION

Because it is uncontested that petitioner Farley did not fully exhaust his available state judicial remedies prior to filing the instant petition, **IT IS RECOMMENDED** that the respondent's MOTION TO DISMISS be **GRANTED** and that the instant petition be **DISMISSED** *without prejudice* to petitioner's right to re-file if and when he exhausts his state remedies, **PROVIDED** he is otherwise permitted by law to so proceed. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED,** this 5th day of OCTOBER, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE